

05-CV-05468-CMP



FILED
JUL 1 3 2005
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASH.

*Issued #513642*

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM LAMBERT and DEBORAH LAMBERT,<br><br>Plaintiffs,<br><br>vs.<br><br>BENEFICIAL MORTGAGE CORPORATION, a Delaware Corporation;<br>TRANS UNION, LLC, a Delaware Limited Liability Company; and<br>EQUIFAX INFORMATION SERVICES, LLC, a Georgia Limited Liability Corporation.<br><br>Defendants. | No. C05 5468 RBL<br><br>COMPLAINT<br><br>JURY DEMAND |

### JURISDICTION

1. Jurisdiction is proper pursuant to 15 U.S.C. §1681p, and the doctrine of supplemental jurisdiction. Venue lies in the Western District of Washington as plaintiffs' claims arose from acts of the defendants having impact therein.

### PRELIMINARY STATEMENT

2. Plaintiffs William Lambert and Deborah Lambert ("plaintiffs") bring this action for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq.* (FCRA), the Washington

COMPLAINT - 1

OLSON ALTHAUSER, LAWLER & SAMUELSON
MASONIC BUILDING • P.O. BOX 210
CENTRALIA, WASHINGTON 98531
TELEPHONE (360)736-1301
FAX (360)736-4802
todd@centralialaw.com

1  Consumer Protection Act, RCW 19.86 *et seq.* (CPA), and state common law obligations
2  brought as supplemental claims.

3      3. Plaintiffs are residents of the State of Washington. Plaintiffs are consumers as
4  defined by FCRA, 115 USC §1681a(c).

5      4. Defendant Beneficial Mortgage Corporation ("Beneficial") is a person that
6  furnishes information to consumer reporting agencies under FCRA, 15 USC §1681s-2.

7      5. Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency as
8  defined by FCRA, 15 USC §1681a(f).

9      6. Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting
10  agency as defined by FCRA, 15 USC §1681a(f).

## FACTUAL ALLEGATIONS

12      7. In September 2002, Beneficial extended consumer purchase money credit to
13  plaintiffs for their primary residence in Oakville, Washington. Plaintiffs executed a Promissory
14  Note secured by a Deed of Trust dated September 19, 2002, and recorded under Grays Harbor
15  County Auditor File No. 2002-09240003 on September 24, 2002.

16      8. Plaintiffs encountered financial difficulty and were unable to timely make all the
17  payments due. On July 29, 2003, at the invitation of Beneficial, with assurance that debt to
18  Beneficial would be satisfied, and in consideration of Beneficial's promise to make payment of
19  $2,000 to plaintiffs for their moving expenses, plaintiffs executed a Statutory Warranty Deed in
20  Lieu of Foreclosure conveying their Oakville property to Beneficial, which deed was recorded
21  under Grays Harbor County Auditor's File No. 2003-08120051 on August 12, 2003. Plaintiffs
22  were also required by Beneficial to sign an Agreement for Deed and Estoppel Affidavit, which
23  was recorded under Grays Harbor County Auditor's File No. 2003-8220079. Thereafter,
24  Beneficial paid Plaintiffs $2,000 and Plaintiffs vacated the property as agreed.

COMPLAINT - 2

OLSON ALTHAUSER, LAWLER & SAMUELSON
MASONIC BUILDING - P.O. BOX 210
CENTRALIA, WASHINGTON 98531
TELEPHONE (360)736-1301
FAX (360)736-4802
todd@centralialaw.com

9. In September 2003, Plaintiffs applied for a loan from another lender. Plaintiffs were denied the loan because Beneficial was reporting false, derogatory and negative credit information, including that Plaintiffs had an outstanding debt on the property.

10. Despite performance by Plaintiffs under the terms of the agreement to give a Statutory Warranty Deed in Lieu of Foreclosure, Beneficial continued to report that Plaintiffs were indebted, delinquent, past due, and in foreclosure. Plaintiffs learned of the false report by Beneficial on or about September 24, 2003.

11. Plaintiffs contacted Beneficial both by mail and by telephone, disputing the false reporting. The manager of Beneficial's Olympia office where the underlying transaction originated told Plaintiffs that notwithstanding the agreement Beneficial had with Plaintiffs, the account would continue to show open and late, and that Plaintiffs would be responsible for any deficiency.

12. Plaintiffs continued to dispute the information Beneficial was reporting. On or about October 2, 2003, Tom Lentz, a credit representative of Beneficial, assured plaintiffs that the credit report information would be corrected. Plaintiffs repeated their requests to Beneficial to correct the false reporting, and were again told, at least twice, in writing, that Beneficial would correct it. The false reporting was not corrected. Beneficial continued to report information to the credit reporting agencies that it knew was false.

13. In October 2003, plaintiffs began disputing to Trans Union and Equifax the reporting of the Beneficial account.

14. Equifax and Trans Union continued to report false information.

15. Upon information and belief, Beneficial received consumer dispute verification notices from Equifax and Trans Union.

16. As a result of defendants' conduct, plaintiffs have sustained actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy and emotional distress.

COMPLAINT - 3

OLSON ALTHAUSER, LAWLER & SAMUELSON
MASONIC BUILDING - P.O. BOX 210
CENTRALIA, WASHINGTON 98531
TELEPHONE (360)736-1301
FAX (360)736-4802
todd@centralialaw.com

17. Plaintiffs are entitled to recover their costs and reasonable attorney fees pursuant to 15 USC §1681(n) and (o), and RCW 19.86 *et seq.*

18. Plaintiffs request a jury trial on all claims.

### STATEMENT OF CLAIMS AGAINST BENEFICIAL

19. Plaintiffs reallege paragraphs 1 through 18 above.

20. Beneficial has willfully and/or negligently failed to comply with the FCRA, §1681s-2(b).

21. Beneficial has violated Washington's Consumer Protection Act by engaging in unfair or deceptive practices occurring in trade or commerce which impact the public interest and have caused injury to Plaintiffs.

22. Beneficial has defamed plaintiffs by publishing to third parties false information regarding plaintiffs.

### STATEMENT OF CLAIMS AGAINST TRANS UNION

23. Plaintiffs reallege paragraphs 1 through 18 above.

24. Trans Union has willfully and/or negligently failed to comply with the FCRA, §1681e(b) and §1681i.

25. Trans Union has violated Washington's Consumer Protection Act by engaging in unfair or deceptive practices occurring in trade or commerce which impact the public interest and have caused injury to Plaintiffs.

### STATEMENT OF CLAIMS AGAINST EQUIFAX

26. Plaintiffs reallege paragraphs 1 through 18 above.

27. Equifax has willfully and/or negligently failed to comply with the FCRA, §1681e(b) and §1681i.

28. Trans Union has violated Washington's Consumer Protection Act by engaging in unfair or deceptive practices occurring in trade or commerce which impact the public interest and have caused injury to Plaintiffs.

COMPLAINT - 4

OLSON ALTHAUSER, LAWLER & SAMUELSON
MASONIC BUILDING - P.O. BOX 210
CENTRALIA, WASHINGTON 98531
TELEPHONE (360)736-1301
FAX (360)736-4802
todd@centralialaw.com

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for relief against each defendant as follows:

a) actual damages;

b) treble the amount of actual damages up to $10,000;

c) statutory damages;

d) punitive damages;

e) attorneys fees; and

f) costs.

DATED this __11__ day of July 2005.

OLSON, ALTHAUSER, LAWLER & SAMUELSON

_____
James W. Lawler, WSBA #12986

_____
Todd S. Rayan WSBA #34090
Attorneys for Plaintiffs

OLSON ALTHAUSER, LAWLER & SAMUELSON
MASONIC BUILDING - P.O. BOX 210
CENTRALIA, WASHINGTON 98531
TELEPHONE (360)736-1301
FAX (360)736-4802
todd@centralialaw.com