HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM LAMBERT and DEBORAH LAMBERT,

Plaintiffs,

v.

BENEFICIAL MORTGAGE CORPORATION, a Delaware Corporation; TRANS UNION, LLC, a Delaware Limited Liability Company; and EQUIFAX INFORMATION SERVICES, LLC, a Georgia Limited Liability Corporation,

Defendants.

Case No. C05-5468 RBL

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO WITHDRAW DEEMED ADMISSIONS

THIS MATTER is before the court on Plaintiffs' Motion for Leave to Withdraw Deemed Admissions to Defendant. [Dkt. # 17]. Plaintiffs request that the Court, pursuant to Federal Rule of Civil Procedure 36(b), withdraw the deemed admissions to Defendant Trans Union's Request for Admission served on Plaintiffs on January 30, 2006, and answered by Plaintiffs on May 22, 2006. Defendants asks that the Court deny the Motion. [Dkt. #18].

Failure to timely respond to Requests for Admissions results in automatic admission of the matters requested. Fed. R. Civ. P. 36(a). Any matter admitted pursuant to Rule 36 is "conclusively established unless the Court on motion permits withdrawal" of the admission. Fed. R. Civ. P. 36(b). Two requirements must be met before an admission may be withdrawn: 1) presentation of the merits of the action must be subserved, and 2) the party who obtained the admission must not be prejudiced by the withdrawal. *Hadley v. United*

*States*, 45 F.3d 1345, 1348 (9th Cir. 1995). Defendants assert that the deemed admission should not be withdrawn because Plaintiffs do not explain their failure to respond to requests and they do not attempt to show that any of the admissions are factually inaccurate. Plaintiffs, under Rule 36(b), are not required to show either good cause or that the admissions are factually wrong.

The first prong of the test asks if allowing the withdrawal will aid in resolution of the case. *Gallegos v. City of Los Angeles*, 308 U.S. 987, 993 (9th Cir. 2002). Upholding the admissions in this case would essentially eliminate all of the central issues in Plaintiffs' case against Trans Union. The law favors deciding disputes on the merits. *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 924 (9th Cir. 2004). Therefore, withdrawal of the admissions in this case would promote a presentation on the merits of the action and the first prong is satisfied.

The prejudice contemplated by Rule 36(b) relates to the difficulty a party may face in proving its case caused by the unavailability of key witnesses or the sudden need to obtain evidence with respect to questions previously deemed admitted *Gallegos*, 308 F.3d at 993. The burden of proving prejudice is on the party who obtained the admissions. *Hadley*, 45 F.3d at 1348. Defendants in this case assert that they will be substantially prejudiced if Plaintiffs are permitted to withdraw their admissions because of their reliance on those admissions during discovery. [Dkt. #18, 7]. Although Defendants thus far have not conducted the discovery they would have if Plaintiffs had timely responded to their requests, the Court will also be granting the Joint Motion for Continuance of Discovery [Dkt. #20], giving Defendants an opportunity to conduct the additional discovery needed to defend their case. Consequently, Defendants have not shown they will be prejudiced by the withdrawal of the deemed admissions and both prongs required for withdrawal of admissions under Rule 36(b) have been satisfied.

For the above stated reasons Plaintiffs' Motion for leave to withdraw deemed admissions to Defendant Trans Union, LLC. [Dkt. #17] is GRANTED. The Joint Motion for Continuance of Discovery [Dkt. #20] is also GRANTED. The clerk shall enter a revised scheduling order.

IT IS SO ORDERED.

DATED this 19th day of July, 2006

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE